KAREN L. LOEFFLER
United States Attorney

STEVEN E. SKROCKI
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: steven.skrocki@usdoj.gov

Deborah A Curtis
Trial Attorney, Counterespionage Section
National Security Division
U.S. Department of Justice
600 E Street NW
Washington, DC 20004
(202)233-2113
E-mail: Deborah.Curtis@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 3:13-MC-00005-RRB |
| Petitioner, | ) | **PETITION OF THE UNITED STATES** |
| | ) | **FOR A DETERMINATION OF THE** |
| v. | ) | **LEGALITY OF ELECTRONIC** |
| | ) | **SURVEILLANCE AND PHYSICAL** |
| WILLIAM COLTON MILLAY, | ) | **SEARCHES CONDUCTED UNDER** |
| Respondent. | ) | **THE FOREIGN INTELLIGENCE** |
| | ) | **SURVEILLANCE ACT** |

The United States of America, by and through its undersigned counsel,

petitions this Honorable Court to set a briefing schedule for the determination of

the legality of certain electronic surveillance and physical searches of William

Colton Milllay ("Millay") that were authorized under the Foreign Intelligence Surveillance Act ("FISA") and are at issue now in a court-martial proceeding now pending against Millay at Joint Base Elmendorf-Richardson ("Fort Richardson"), Alaska, pursuant to the Title 50 United States Code § 1806(f).

The resolution of any challenge to the legality of electronic surveillance or physical searches conducted pursuant to FISA is entrusted to the United States district court in which the underlying proceeding is pending. *See* 50 U.S.C. § 1806(f); *United States v. Ott,* 827 F.2d 473, 475 n. 2 (9th Cir. 1987). The adjudication of the legality of such electronic surveillance or physical search may be triggered by motions or requests to discover the materials filed with the Foreign Intelligence Surveillance Court ("FISC"), or by motions to suppress the fruits of FISA-authorized electronic surveillance and physical searches. 50 U.S.C. § 1806(f).

## BACKGROUND

Millay is an active duty member of the United States Army who was based at Fort Richardson, a component of Joint Base Elmendorf-Richardson, Alaska. He is awaiting trial by general court-martial at Fort Richardson on one charge of attempted espionage under the Uniform Code of Military Justice ("UCMJ"), 10 U.S.C. § 906(a), and two charges of communicating, delivering, or transmitting

national defense information in violation of 18 U.S.C § 793(d), which is within the jurisdiction of a general court-martial as provided for in 10 U.S.C. § 934. Millay's trial is scheduled to begin on March 11, 2013.

## PROCEDURAL HISTORY AND JURISDICTION

On September 7, 2012, the government notified the defendant and the presiding military judge, Colonel Timothy Grammel, that it intended to use information obtained or derived pursuant to FISA against Millay at his Court-Martial (Millay had previously been so advised, but the military judge had not been). On August 15, 2012, Millay filed a lengthy discovery request which, in Subsection 1.p., seeks the production of "[a]ll statements and affidavits supporting requests, which pertain to this case, whether or not granted, for authorization to search and seize or apprehend." That discovery request comprehends the disclosure of materials filed with the FISC ("the FISA materials").[1] Millay also informed the military court on August 6, 2012, on September 14, 2012, and again on January 14, 2013, that he intends to file a motion to suppress any FISA-obtained or -derived information that the government will seek to use as evidence against him. On November 13, 2012, the Military Judge referred this matter to this Court for

---

[1] Millay's request is the functional equivalent of a discovery request pursuant to Rule 16, Fed.R.Crim.Pro., although it is expressly predicated on Article 46 of the UCMJ, Rule 701 of the Rules for Courts-Martial, unspecified rules of the Military Rules of Evidence, Rule 3.8 of the Army Rules of Professional Conduct for Lawyers, and the Fifth and Sixth Amendments to the United States Constitution.

adjudication (Attachment 1). However, to date, no motion to suppress has been filed by the defense.

Accordingly, in the interest of judicial economy and to avoid further delay in the pending court-martial proceedings, the government respectfully requests that this Court adopt the attached briefing schedule (Attachment 2).

## LEGAL ARGUMENT

Title 50, U.S.C. Section 1806(f) states in pertinent part:

> [W]henever **any motion or request** is made by an aggrieved person pursuant to any other statute or rule of the United States . . . before any court or other authority of the United States . . . **to discover or obtain applications or orders** or other materials relating to electronic surveillance or to discover, obtain, **or suppress evidence or information** obtained or derived from electronic surveillance under this Act, the United States district court or **where the motion is made before any other authority, the United States district court in the same district as the authority** . . . shall, notwithstanding any other law, if the Attorney General files an affidavit under oath that disclosure or an adversary hearing would harm the national security of the United States, review in camera and ex parte the application, order, and such other materials relating to the surveillance as may be necessary to determine whether the surveillance of the aggrieved person was lawfully authorized and conducted.

Emphasis added.

The legislative history of FISA establishes that the Senate Judiciary Committee added the "motion . . . pursuant to any other statute or rule . . . to discover" language to FISA to ensure that a moving party could not bypass FISA's *in camera, ex parte* procedure by invoking a different process: "The Committee

wishes to make very clear that the procedures set out in [§ 1806(f)] apply whatever the underlying rule or statute referred to in the motion."   S. Rep. No. 95-701, at 63. In other words, Congress intended that motions practice, whether before a district court or another United States authority such as a court-martial, could not be interpreted to deprive the government of the district court's *in camera, ex parte* review of the FISA materials, for instance, by moving to discover such materials under a discovery rule or a statute other than FISA that does not contain provision for an *in camera, ex parte* review of the FISA materials.  Millay's discovery request, made pursuant to another "statute or rule of the United States," falls within the exclusive jurisdiction of this Court.  Accordingly, upon the filing of the Attorney General's Declaration and Claim of Privilege, FISA's *in camera, ex parte* provisions will be triggered.

An analogous case arose in a court martial at Beale Air Force Base ("Beale"), California, of Airman First Class Bruce D. Ott.  In that matter, the military judge presiding over the court martial referred Ott's motion to suppress FISA-obtained or -derived evidence to the United States District Court for the Eastern District of California, in which district Beale is located.  The relevant procedural history was outlined in the district judge's Memorandum and Order:

> The military judge presiding over the military trial referred consideration of Ott's motion to this court.  Such a transfer of authority was appropriate in this case.  This court has territorial jurisdiction over Beale Air

> Force Base, the site of the Ott court-martial proceedings. Accordingly this court has exclusive jurisdiction under section 106(f) of FISA to determine the legality of the electronic surveillance at issue in this case. 50 U.S.C. § 1806(f); *see United States v. Horton*, 17 M.J. 1131 (NMCMR 1984).
>
> This court held a status conference on this matter on April 17, 1986, at 9:30 a.m. At that time, the court set a briefing schedule and established a tentative hearing date of May 21, 1986, at 9:30 a.m. On April 22, 1986, the government formally petitioned this court for a determination of the legality of the electronic surveillance at issue herein, and filed a memorandum of law in support of the surveillance's alleged legality. *See United States v. Belfield*, 692 F.2d 141, 146 (D.C. Cir. 1982). Ott filed his response to the government's petition and renewed his motion to suppress, first made to the military tribunal.

*United States v. Ott,* 637 F.Supp. 62, 63-64 (E.D. CA 1986).

The procedure outlined above was affirmed by the United States Court of Appeals for the Ninth Circuit. The Ninth Circuit unequivocally noted that the United States district courts have exclusive jurisdiction to adjudicate such matters: "United States district courts have exclusive jurisdiction to entertain motions to suppress evidence obtained through FISA-authorized surveillance. 50 U.S.C. § 1806(f)." *Ott,* 827 F.2d at 475 n. 2. *Accord United States v. Ott*, 26 M.J.542, 545 (AFCMR 1988) ("[t]herefore, it was incumbent upon the military judge to transfer [the FISA] issue to the District Court for resolution"); *United States v. Horton*, 17 M.J. 1131 (N.M.C.M.R. 1984) (another court-martial case in which FISA-related issues were adjudicated by the United States district court with territorial jurisdiction over the venue of the court-martial).

## PROPOSED BRIEFING SCHEDULE

The government's *in camera, ex parte* filing before this Court will include numerous classified and unclassified documents. As explained below, certain of these documents rely upon the preparation and consideration of other documents and, therefore, must necessarily be created *in seriatum*. As a result of this sequential creation of documents and the time consuming nature of the review process, the government requires until February 15, 2013 to prepare its submission.

The government's submission for the Court's review will include at a minimum: (1) the Government's Classified Response to the defendant's request; (2) a Declaration and Claim of Privilege of the Attorney General of the United States (reflecting the Attorney General's assessment that disclosure of, or an adversary hearing with regard to, the classified FISA materials would harm the national security of the United States); (3) a classified declaration of a senior official of the Federal Bureau of Investigation ("FBI") official (advising the Attorney General of the sensitivity of the classified information, sources, and methods contained in the FISA application(s) and orders at issue); (4) a classified declaration of an FBI Supervisory Special Agent or Special Agent detailing the FBI's compliance with the minimization procedures approved by the Attorney General and adopted by the FISC, which were used in this investigation; (5) the Government's Unclassified Response to the defendant's request; and (6) certified copies of the classified

applications, orders, motions, and any related documents filed with the FISC. All of the above-identified documents are necessary for this Court to determine whether the electronic surveillance, physical searches, or both were lawfully authorized and lawfully conducted.

In addition to the logistics of obtaining the supporting documentation necessary for the Court's *ex parte* and *in camera* review, required under Section 1806(f) or Section 1825(g), certain documents in the government's submission cannot be prepared contemporaneously, but must be prepared in sequential order. For example, the Attorney General cannot assess whether the disclosure of, or an adversary hearing with regard to, the classified FISA material would harm the national security until he has been advised by a high-ranking FBI official regarding the classified information, sources, or methods that would be compromised by disclosure or an adversary hearing. As noted above, that advice is provided to the Attorney General by means of the classified declaration of a high-ranking FBI official, which discusses in great detail the classified information, sources, and methods that are contained in the application(s), orders, and related materials and the ensuing harm to national security caused by disclosure or an adversary hearing. Such a detailed and sensitive document requires careful drafting and review by the FBI, and then further consideration by the FBI declarant. Once submitted to the Attorney General, that declaration must again be accorded careful and deliberate

review so that the Attorney General can appropriately assess the FBI's advice regarding the harm to the national security posed by disclosure or an adversary hearing.

The Government's Classified Response also discusses, among other things, the classified information provided to the FISC in support of the government's application for an order or warrant pursuant to FISA and the classified declaration of a Supervisory Special Agent or Special Agent of the FBI regarding the minimization procedures applied to the acquisition, retention, and dissemination of the FISA-acquired information. The Government's Classified Response cannot be finalized until the minimization declaration has been drafted, reviewed, and signed by the FBI declarant because the Government's Classified Response references specific sections of the final minimization declaration.

Finally, in order to prepare the documents discussed above, the government must coordinate its submission with various U.S. government entities, including the Office of the Attorney General; the Office of Intelligence, National Security Division ("NSD"), Department of Justice ("DOJ"); the Counterterrorism Section, NSD, DOJ; the FBI's Office of the General Counsel; the FBI Counterterrorism Division; and the FBI field office or offices that conducted the FISA-authorized electronic surveillance, physical searches, or both.

Therefore, the government requests until February 15, 2013 to respond to the

defendant's request for FISA-related materials. In addition, the government respectfully requests that the Court require the defense to file any motion to suppress or otherwise challenge the FISA-related material also by February 15, 2013. Should the defense elect to file such a motion on or before that date, the government would request until March 8, 2013 to respond. This schedule will allow the government sufficient time to prepare, review, and coordinate the interdependent and mutually supporting documents; to file its submission with the Court; and to comprehensively brief the Court on the facts and the law related to FISA and FISA-obtained or FISA-derived evidence or information in order to aid in the Court's final determination as to "whether the surveillance of the aggrieved person was lawfully authorized and conducted."

## CONCLUSION

The language of FISA and the relevant case law are clear that this Court has exclusive jurisdiction to ultimately determine the legality of the authorization and the conduct of the FISA search and surveillance against Millay. Millay's discovery request has triggered the proceedings before this Court, and the Military Judge has recognized this Court's exclusive jurisdiction over this matter and properly referred it to this Court for adjudication. The government therefore petitions this Court to set the attached briefing schedule to enable the United States to file a Declaration and Claim of Privilege of the Attorney General of the United States, thereby

initiating this Court's *in camera, ex parte* review of the FISA materials and other classified filings and material relevant to the Court's adjudication of whether the FISA surveillance and search of the Millay was lawfully authorized and conducted

RESPECTFULLY SUBMITTED this 17th day of January, 2013, at Anchorage, Alaska.

        KAREN L. LOEFFLER
        United States Attorney

        <u>s/ Steven E. Skrocki</u>
        STEVEN E. SKROCKI
        Assistant United States Attorney

        <u>s/ Deborah Curtis</u>
        DEBORAH CURTIS
        Trial Attorney
        Counterespionage Section
        National Security Division
        U.S. Department of Justice

**CERTIFICATE OF SERVICE**
I hereby certify that a copy of the foregoing was served on January 17, 2013, via USPS on:

Charles Swift, Swift & McDonald,
P. S. 1809 Seventh Avenue, Suite 1108
Seattle, WA 98101

<u>s/ Steven E. Skrocki</u>
Office of the U.S. Attorney